UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

    George Marcantonio,                    Case DM20-90213
                                                        Chapter 11
                                                        Honorable Scott W. Dales
                                                        Chief Judge

_____ Debtor./


UNITED STATES TRUSTEE'S MOTION
REQUESTING THE DISMISSAL OF THIS CASE OR CONVERSION TO CHAPTER 7

    Andrew R. Vara, United States Trustee for Regions 3 and 9, pursuant to his authority under 11 U.S.C. Section 307 and 28 U.S.C. Section 586(a)(3), files this motion asking that the Court either dismiss this case pursuant to 11 U.S.C. Section 1112(b)(1), or alternatively, convert this case to a case under Chapter 7 of the Bankruptcy Code also pursuant to 11 U.S.C. Section 1112(b)(1), for the following reasons, including but not limited to the debtor's failure to maintain appropriate insurance:

1. Pursuant to 28 U.S.C. § 586, the United States Trustee ("UST") is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code.[1]

2. George Marcantonio filed a personal petition for relief under Chapter 11 of the Bankruptcy Code on December 30, 2020, Case No. DM20-90213. Mr. Marcantonio's Schedule B lists Mr. Marcantonio as the sole, 100% shareholder of Marco Realty, Inc. (Case No. DM20-90213, DN 20-2, page 5.)

3. Marco Realty, Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Code on December 31, 2020, Case No. DM20-90214. The petition was signed by George Marcantonio, as President of the debtor. (Case No. DM20-90214, DN 1, page 4.) The *Marco Realty* statement of financial affairs identifies Mr. Marcantonio as the 100% shareholder and owner of *Marco Realty, Inc.,* (Case No. DM20-90214, DN 14, pages 13 and 14.)[2]

---

[1] This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See, United States Trustee v. Columbia Gas Sys., Inc., (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-6 (3d Cir. 1994)(noting that the United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc., (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990)(describing the United States Trustee as a "watchdog"). *See also,* H.R. Rep. No. 95-595, at 4, 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 5966, 6049*; see also, e.g.*, In re South Beach Secs., 606 F.3d 366, 370, 371 (7th Cir. 2010); *Curry v. Castillo (In re Castillo),* 297 F.3d 940, 951 (9th Cir. 2002); *In re Charges of Unprofessional Conduct 99-37 v. Stuart*, 249 F.3d 821, 824 (8th Cir. 2001); *A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 776 (4th Cir. 1986).

[2] Upon information and belief, Mr. Marcantonio's son, also named George Marcantonio, filed a petition for relief under Chapter 13 on December 28, 2020, Case No. DM20-90212. The United States Trustee will be filing motions for dismissal or conversion in both of the Chapter 11 cases. Although the Chapter 13 case may have some connections, e.g., the son appears to be the landlord to the father, the United States Trustee is not taking any action in the Chapter 13 case at this time.

4. In their filings, both Mr. Marcantonio and Marco Realty assert that they have no unsecured creditors. (Case No. DM20-90213, DN 20-2, pages 21 to 24; Case No. DM20-90214, DN 13-1, page 13 to 16.)

5. Marco Realty, Inc., asserts that it has only one creditor, Northern Interstate Bank, a secured creditor in the amount of $975,422.14. (Case No. DM20-90214, DN. 13-1, page 10.) Mr. Marcantonio asserts that he has only two creditors: Northern Interstate Bank, a secured creditor in the amount of $1,734,886.32; and First Bank Marquette, also a secured creditor in the amount of $40,000. (Case No. DM 20-90213, DN 20-2, page 17.)

6. The Court issued the Definitive Order in both Chapter 11 cases on December 31, 2020. (Case No. DM20-90213, DN 8; Case No. DM20-90214, DN 5.) At paragraph 11, each Definitive Order requires that "(a) the debtor shall maintain adequate insurance coverage on all assets of the estate and shall maintain insurance for the protection of its employees and customers: (b) No debtor shall use uninsured assets of the estate in the operation of its business without the permission of the court, nor shall any debtor continue business operations without adequate insurance coverage."

7. On January 6, 2021, the United States Trustee scheduled the Initial Debtor Conferences in both Chapter 11 cases for January 11, 2021. At that time the United States Trustee sent the debtors the Initial Debtor Conference packets, which would have again reminded the debtors of the requirement of the Bankruptcy Code

and the Definitive Order to have adequate insurance, and informed the debtors that they must provide proof of that adequate insurance to the United States Trustee.

8. On the morning of January 11, 2021, the debtors' attorney sent an email to the United States Trustee asking that the Initial Debtor Conference be rescheduled because the debtors' attorney had to prepare for a jury trial the next day. In a reply email the United States Trustee agreed to reschedule, but also asked that the debtors provide proof of adequate insurance to the United States Trustee by the next day, January 12, 2021, by noon.

9. The United States Trustee convened the Initial Debtor Conference for these two Chapter 11 cases on Wednesday, January 20, 2021, at 2:00 p.m. Eastern time.

10. During the Initial Debtor Conference, the debtors informed the United States Trustee that they did not have insurance coverage for all assets owned by the two estates. The United States Trustee again reminded the debtors that they must have insurance coverage for all assets owned by the Chapter 11 estates, and must provide proof of that insurance to the United States Trustee. By an email later that afternoon, the United States Trustee requested that the debtors transmit proof of adequate insurance to the United States Trustee by noon the next day, Thursday, January 21, 2021.

11. At about 4;20 p.m. on the afternoon of January 21, 2021, the debtors' attorney transmitted a proof of additional insurance to the United States Trustee.

12. Although the United States Trustee has now received proof of some insurance for some of the assets owned by the two estates, the debtors have not yet provided proof of insurance for all of the assets they own. As best the United States Trustee can determine, the following assets remain uninsured or underinsured.

13. According to their schedules, Mr. Marcantonio owns three parcels of real estate, with a total worth of $134,050, none of which are subject to any mortgages. (Case No. DM20-90213, DN 20-2, pages 1 and 2; and pages 17 to 20.). Marco Realty owns eight parcels of real estate, with a total worth of $711,000, none of which are subject to mortgages. (Case No. DM 20-90214, DN 13-1, pages 9 and 10 to 11.) Neither debtor has provided any proof of insurance for any of these parcels of real estate. According to Mr. Marcantonio's statements at the Initial Debtor Conference, these parcels of real estate are residential rental units, about half of which have tenants living in them and paying rent. Mr. Marcantonio also stated that he has never purchased insurance coverage for these parcels of real estate; prepetition, they were all self insured.

14. In addition to the real estate, Mr. Marcantonio also owns $8,873,638 in assorted gemstones. (Case No. DM20-90213, DN 20-2, page 4, Schedule A/B, question 8.) Some of these gemstones are in the physical possession of Northern Interstate Bank, and serve as collateral for the Northern Interstate Bank loan. The value of the gems that serve as collateral is $8,473,638. (Case No. DM20-90213, DN 20-2, page 11 to 12.) Mr. Marcantonio's schedules also list another $400,000 in "diamonds". (Case

No. DM20-90213, DN20-2, page 12.) During the Initial Debtor Conference, Mr. Marcantonio said that this description is in error; the gems not in the Bank's possession are actually $400,000 worth of emeralds. During the Initial Debtor Conference, the United States Trustee asked Mr. Marcantonio where he kept the $400,000 in emeralds. After hearing Mr. Marcantonio's answer, the United States Trustee asked that Mr. Marcantonio transfer the emeralds to a more secure location.

15. Mr. Marcantonio has provided proof of renter's insurance to the United States Trustee. The renter's insurance does include coverage for "jewelry" and theft of silver or gold ware. However, the jewelry coverage is capped at $1,000, and the theft of silverware or goldware is capped at $2,500. Therefore, the insurance coverage, if any, for the $8,873,638 in gems appears to be capped at $3,500, at most. Therefore, over $8 million in gemstones are not insured against loss by theft, fire, or other damage.

16. Mr. Marcantonio also owns a Yamaha golf cart valued at $1,500 and a Chris Craft boat valued at $8,000. (Case No. DM20-90213, DN 20-2, page 3, Schedule A/B questions 4.1 and 4.2.) Mr. Marcantonio has not provided any proof of insurance for the golf cart or the Chris Craft boat.

*ARGUMENT*

17. As noted above, the Definitive Order entered in this case requires the debtor to have adequate insurance.

18.     Section 1112(b)(1) of the Bankruptcy Code provides that unless the Court specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, or the debtor cannot be converted to another chapter, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

19.     Section 1112(b)(4) provides in part, "For purposes of this subsection, the term 'cause' includes – ...(B) gross mismanagement of the estate; (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; ...(E) failure to comply with an order of the court."

20.     Cause exists to dismiss this case under Section 1112(b)(1) because the debtor, George Marcantonio, owns three parcels of real estate that could be or are being used for residential or commercial rental purposes that are not insured. Mr. Marcantonio also owns $8,873,638 in gemstones that either are not insured, or if they are insured, that insurance coverage is capped at $3,500. Mr. Marcantonio also owns a Yamaha golf cart and a Chris Craft boat that re not insured. The failure to have any insurance for these items, or the failure to have adequate insurance for all these items, constitutes cause for conversion or dismissal under Section 1112(b)(4)(C). It also constitutes gross mismanagement of the estate, which is cause under Section

1112(b)(4)(B), and is a violation of the Court's Definitive Order, which constitutes cause under Section 1112(b)(4)(E).

21.     Dismissal instead of conversion would be in the best interest of creditors and the estate for several reasons. Mr. Marcantonio contends that there are no unsecured creditors to protect. There are only two secured creditors, Northern Interstate Bank and First Bank Marquette.   Northern Interstate Bank has a secured claim in the amount of $1,734,886.32 (Case No. DM20-90213, DN 20-2, page 17.)  This claim is secured by $8,473,638 in gemstones owned by Mr. Marcantonio; the gemstones are held in the vault of Northern Interstate Bank. (Case No. DM20-90213, DN 20-2, pages 11 and 12.) Therefore, Northern Interstate Bank is already sufficiently protected, even if this case is dismissed. First Bank Marquette has a claim in the amount of $40,000, which is secured by a lien on a 1994 Rolls Royce, valued at $40,000. (Case No. DM20-90213, DN 20-2, pages 3 and 17.) The First Bank Marquette claim is also sufficiently protected, even if this case is dismissed.

For all the above reasons, the United States Trustee asks that the Court dismiss the *George Marcantonio* Chapter 11 case for cause pursuant to 11 U.S.C. Section 1112(b)(1), or that the Court grant such other relief as the Court may deem just.

                                        Respectfully submitted,
                                        ANDREW R. VARA
                                        United States Trustee
                                        Regions 3 and 9

Date:_____            By:_____
                                        By: */s/ Michael V. Maggio*
                                        Michael V. Maggio
                                        Trial Attorney
                                        Office of the United States Trustee
                                        United States Department of Justice
                                        The Ledyard Building, Second Floor
                                        125 Ottawa Avenue NW, Suite 200R
                                        Grand Rapids, Michigan 49503
                                        Tel: (616) 456-2002, ext. 14